IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
FRANK L. WILLIAMS,
                              *
      Petitioner,
                              *
          v.                      CIVIL NO.:    WDQ-07-2797
                              *   CRIMINAL NO.: WDQ-04-0082
UNITED STATES OF AMERICA,
                              *
      Respondent.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Frank L. Williams's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the pleadings and the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Williams's motion will be denied.

I.   Background

On November 23, 2004, a jury convicted Williams as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). On April 6, 2005, Williams was sentenced to 235 months imprisonment.

The Fourth Circuit affirmed Williams's conviction and sentence. *United States v. Williams*, 461 F.3d 441, 452 (4th Cir. 2006). Williams's petition for certiorari was denied. *Williams v. United States*, 127 S. Ct. 616 (2006).

1

Williams filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on October 15, 2007.

II.  Analysis

Williams's § 2255 motion states two grounds for relief: (1) ineffective assistance of counsel; and (2) improper sentencing as an Armed Career Criminal under 18 U.S.C. § 924(e).

A. Ineffective Assistance of Counsel

1. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prove ineffective assistance of counsel, Williams must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.  *Id.* at 687.  Williams must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Williams must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances.  *Id.* at 688.  This scrutiny is highly deferential.  *Id.* at 689.

2. Discussion

Williams argues that his attorney committed prejudicial

error by allowing him to testify at trial, which gave the
Government an opportunity to introduce his criminal history.  The
Government counters that Williams voluntarily exercised his right
to testify and was aware that his criminal history might be used
to impeach him if he took the stand.[1]  As additional support, the
Government attaches an affidavit from Williams's counsel who
explained that he advised Williams on his decision to testify.
Resp't Br. Ex. 3.

The defendant retains the ultimate authority to decide
whether to testify at trial.  *United States v. McMeans*, 927 F.2d
162, 163 (4th Cir. 1991).  Counsel's advice on whether to testify
is a tactical decision that will not be second-guessed by the
Court.  *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir.
1983).

At trial, a police officer testified that when he searched
Williams during the arrest, he found a handgun tucked inside
Williams's underwear.  *Williams*, 461 F.3d at 443.  The officer

---

[1] The Government also argues that because Williams did not
raise on direct appeal whether he was improperly sentenced or
voluntarily took the stand, he is barred from litigating that in
this motion.  Williams contended, as he does here, that the Court
violated the Sixth Amendment by sentencing him as an armed career
criminal. *Williams*, 461 F.3d at 452.  Williams also argued that
a demonstration he proposed to perform at trial was not
testimonial, and therefore the Court erred in excluding the
demonstration unless he took the stand.  *Id.* at 445.  This ruling
affected Williams's decision whether to testify, and relates to
his claim of ineffective assistance of counsel.  Williams's
claims are not procedurally barred or subject to a heightened
standard of review.

testified that Williams was wearing a fanny pack at the time of his arrest, and the officer suspected that Williams had transferred the gun from the fanny pack to his underwear after the arrest. *Id.* To undermine this theory, Williams sought to demonstrate that the fanny pack did not fit him. *Id.* The Court ruled, however, that Williams could only perform the demonstration if he took the stand[2] and subjected himself to cross-examination. *Id.* at 444-45. Williams took the stand, performed the demonstration, and his prior convictions--including a handgun conviction--were brought out on cross-examination. *Id.* at 445.

Williams's counsel advised Williams that should he testify, the Government could use his prior convictions to impeach his testimony. Resp't Br. Ex. 3, ¶ 2. His counsel explained to him that given the Court's ruling, the only way to demonstrate that the fanny pack did not fit was to take the stand and risk impeachment. *Id.* ¶ 3. Although Williams had decided not to testify before this advice, he took the stand anyway. *Id.*

Williams's counsel was not deficient. Counsel advised him that taking the stand to perform the demonstration would subject him to impeachment. Williams nonetheless chose to testify.

---

[2] Williams stipulated that he was a convicted felon, and having stipulated to his status, there was little indication that he intended to testify. *Williams*, 461 F.3d at 443. Presumably, Williams wished to keep the jury from hearing about his prior conviction for a handgun offense.

Moreover, his counsel and the Government discussed in open court (out of the jury's presence) whether his convictions would be admissible if he performed the demonstration on the stand.   Trial Tr. vol. 2, 230-237, 260-61, Nov. 23, 2004.   Williams was aware of the consequences of his testimony, and made the knowing and voluntary choice to proceed.   His counsel committed no error.

B. Armed Career Criminal Sentence

Williams argues that the Court committed Sixth Amendment error by finding him an Armed Career Criminal and enhancing his sentence on that basis.   The Government counters that a judge may find facts related to statutes, and as Williams was properly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the Court committed no error.   The Fourth Circuit has held that *United States v. Blakely*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and *Shepard v. United States*, 544 U.S. 13 (2005) did not make judicial factfinding relating to previous convictions constitutionally impermissible. *Williams*, 461 F.3d at 452 (*citing United States v. Cheek*, 415 F.3d 349 (4th Cir. 2005)).   Williams has not demonstrated that the Court committed any error.[3]

---

[3] Williams also argues that his counsel was ineffective for failing to object at sentencing to his status as an Armed Career Criminal.   The Government asserts that Williams's counsel did object to an enhanced sentence under *Blakely*.   As Williams has not demonstrated how the alleged failure to raise a frivolous argument was prejudicial, he cannot obtain § 2255 relief on this ground.

III. Conclusion

     For the reasons discussed above, Williams's motion will be denied.


<u>March 18, 2008</u>             <u>        /s/              </u>
Date                         William D. Quarles, Jr.
                              United States District Judge